# IN THE UNITED STATES DISTRICT COURT
## IN THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 1:18 CR 00074 |
| | ) | |
| Plaintiff | ) | JUDGE DONALD NUGENT |
| | ) | |
| -vs- | ) | |
| | ) | |
| RONALD GOLDFARB | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| Defendant | ) | |
| | ) | |

Now comes the Defendant, Ronald Goldfarb, by and through counsel, and hereby submits the following objections and/or responses to the Presentence Investigation Report in the above-matter.

Respectfully submitted,

*s/ David L. Grant*
**DAVID L. GRANT  (#0008407)**
***GRANT & O'MALLEY CO., L.P.A.***
IMG Building
1360 East Ninth Street, Suite 600
Cleveland, OH 44114
(216) 241-6868
(216) 241-5464  (FAX)
lawyer4444@aol.com
**ATTORNEY FOR DEFENDANT**

I. **OBJECTIONS AND/OR RESPONSES TO THE PRESENTENCE INVESTIGATON REPORT**

A) **IDENTIFYING DATA:**

Mr. Goldfarb has a scar running from his brain stem to his mid neck and a scar running from the right side of his neck to the top of his head.

B) **SPECIFIC OFFENSE CHARACTERISTICS -PARAGRAPH 16:**

Defendant objects to the four level indictment under USSG 2G2.2(b)(4). This enhancement was not contemplated by the parties in the Plea Agreement as part of the stipulated guideline computation. See Paragraph 17 of Plea Agreement. Moreover, the PSR in Paragraph 91 acknowledged that the prohibited conduct was referenced in only 1 of 70,000 images and it was located in a deleted space indicating that the download could have been accidental. This deminimus occurrence should not trigger the above enhancement.

C) **PARAGRAPHS 21 AND 26:**

Based upon the aforementioned objection, Defendant's adjusted offense level should be 33 and total offense level after acceptance should be 29.

D) **PHYSICAL CONDITION – PARAGRAPH 40**

Defendant has high blood pressure.

E) **GUIDELINE PROVISIONS – PARAGRAPH 51**

Defendant's guideline range should be 87 to 108 months as contemplated in the Plea Agreement.

## II. APPLICATION OF THE FACTORS SET FORTH IN 18 U.S.C. § 3553(a) INDICATES THAT DEFENDANT SHOULD RECEIVE A SENTENCE OF SIXTY MONTHS

When sentencing a defendant, the court must consider all of the sentencing factors enumerated in 18 U.S.C. § 3553(a). These factors include:

1) The nature and circumstances of the offense, and the history and characteristics of the defendant;

2) The need for the sentence imposed –

   A) To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

   B) To afford adequate deterrence to criminal conduct;

   C) To protect the public from further crimes of the defendant; and,

   D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3) The kinds of sentences available;

4) The advisory guideline range;

5) Any pertinent policy statements issued by the sentencing commission;

6) The need to avoid unwarranted sentence disparities.

Regarding the nature and circumstances of the offense, Mr. Goldfarb downloaded over 70,000 images of child pornography on a peer to peer file sharing program. These files included visual depictions of pre-pubescent minors engaged in sexually explicit

conduct. Mr. Goldfarb admitted to downloading the pornography when approached by law enforcement. Mr. Goldfarb's file sharing activity could best be described as passive. Mr. Goldfarb's downloads were for his own private consumption. He did not engage in chatting, e-mails, or any other form of communication with others nor did he actively seek exchanges with others engaged in this activity. No evidence exists indicating that Mr. Goldfarb ever engaged in sexual activity with a minor or that he even attempted to do so.

Mr. Goldfarb's history, background and characteristics are significant. At age 2, he suffered a serious head and brain trauma when he was run over by a car. The resulting injuries left him with cognitive impairments. These impairments led to academic and social difficulties which impacted Mr. Goldfarb through adulthood. As a child, he felt disfigured and unable to express himself socially. This led him to become extremely introverted and socially isolated during his formative years. Candace Risen, who evaluated Mr. Goldfarb over the last several years, opined in her report as follows:

> "It does appear that the early major brain injury and resulting cognitive deficits shaped Mr. Goldfarb's entire identity as he grew up; i.e., the way he perceived himself and the way others perceived him. He felt stupid, disfigured, imperfect, unworthy, and often confused by the world around him"
> (Exhibit "A" Risen Report Pgs. 5-6)

Risen opines that Mr. Goldfarb's involvement with pornography was a source of self-soothing behavior designed to help him cope with his anxiety and distress. (Risen Report Pg. 6).

Despite his cognitive and emotional issues, Mr. Goldfarb developed an interest in electronics and science. He was able to obtain a bachelors degree from Mercyhurst College and he maintained full-time employment as a network engineer for over 30 years. Mr. Goldfarb also had two children from a first marriage, Tina, age 35 and Brandon who passed away at age 29. Tina is a speech pathologist who describes her father as "the best

father my brother and I could have even hoped for". (Exhibit "B"). Tina notes how her father assisted, encouraged and counseled her throughout her formative years. She credits him with helping her to become a successful, happy adult. Tina's brother Brandon, was born with developmental disabilities which left him severely handicapped. Tina and Ron's brothers relate how devoted he was to Brandon until Brandon passed away. (Exhibits B, C and D). Ronald continued to religiously care for Brandon even after the break-up of his marriage to Brandon's mother and during the final years when he was institutionalized.

Ronald Goldfarb is a man with a huge, caring heart. His daughter and his brothers have stated that he has always been available to assist them and others. A friend, Lynn LaVorgna, writes that Ron was there for her when her husband was diagnosed with cancer. She says that he was "always displaying his compassion and heart" (Exhibit E).

Regarding the issues of punishment, deterrence and protection of the public, it is noteworthy that Mr. Goldfarb is 63 years old with no criminal history. His post offense rehabilitation has been continuous, sincere and effective. Even when the guidelines were mandatory, post-offense rehabilitation and the facilitation of the administration of justice were permissible grounds for a downward departure. *United States v. Rudolph*, 190 F2d 720 (6th Cir. 1999); *United States v. Fagin*, 162 F3d 1280 (10th Cir. 1998; *United States v. Garcia*, 926 F2d 125 (2nd Cir. 1991). Since the Guidelines were made advisory, this conduct becomes an even more important sentencing consideration.

Mr. Goldfarb has been in counseling with Candace Risen for almost two years. He participates in individual psycho therapy and a 12-step program for sexual addicts. Risen, in a supplemental report dated March 22, 2018, (Exhibit A), states: "He remains committed to his growth and development as a person with integrity and purpose; someone who will do his best to never again participate in the harmful exploitation of others." Mr. Goldfarb has clearly evidenced his commitment to self-improvement and to alleviate the issues which led to his misconduct.

When applying the sentencing factors previously referenced to the case at bar, it is apparent that a significant downward variance from the advisory guideline range would sufficiently achieve the sentencing goals outlined in 18 U.S.C. § 3553(a). Mr. Goldfarb must be punished by a mandatory minimum of five (5) years. In addition to the loss of liberty, he will be punished by a lifetime of collateral consequences associated with being a convicted sex offender and a felon. See (*Lawrence v. Texas* 539 US 558, 575 (2003) (recognizing that the "stigma" imposed for a sexual offense of convictions is not trivial).

Mr. Goldfarb has already been on house arrest for almost two years. He has already undergone a partial loss of freedom during this period. Even at the minimum 5 years, he will be 68 years old upon release and he will be subject to an additional period of supervised release. Mr. Goldfarb lived over 60 years without so much as an arrest. He has undergone intensive therapy and counseling. The threat of recidivism is unlikely. He is not a threat to the community nor is there an allegation that he ever contemplated any sort of physical contact with a minor. Mr. Goldfarb has a family support system and a commitment to his mental health.

A sentence of sixty (60) months would severely punish Mr. Goldfarb without demeaning the seriousness of his offence. For the reasons set forth above, a sentence of sixty (60) months would satisfy the sentencing objectives in 18 USC § 3553(a).

Respectfully submitted,

*s/ David L. Grant*
**DAVID L. GRANT  (#0008407)**
***GRANT & O'MALLEY CO., L.P.A.***
IMG Building
1360 East 9th Street, Suite 600
Cleveland, OH 44114
(216) 241-6868
(216) 241-5464  (FAX)
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing notice has been filed electronically, this 22nd day of April, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

*s/ David L. Grant*
**DAVID L. GRANT  (#0008407)**
***GRANT & O'MALLEY CO., L.P.A.***
**ATTORNEY FOR DEFENDANT**